1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Paul E White, et al.,                          No. CV-16-01185-PHX-JAT

10                    Plaintiffs,               **ORDER**

11   v.

12   Home Depot USA Incorporated,

13                    Defendant.

14

15          The parties previously moved for a protective order and the Court issued the

16   following Order:

17

18          Pending before the Court is the parties' joint motion for a protective
     order.  Global protective orders are not appropriate. *See AGA Shareholders,*
19   *LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007).
     Rule 26(c) requires a party seeking a protective order to show good cause
20   for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to
     exist under Rule 26(c), 'the party seeking protection bears the **burden of**
21   **showing specific prejudice or harm will result if no protective order is**
     **granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added)
22   (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).
     The party seeking protection "**must make a 'particularized showing of**
23   **good cause with respect to [each] individual document**.'" *Id.* (emphasis
     added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d
24   1096, 1102 (9th Cir. 1999)).
            Thus, "[t]he burden is on the party to requesting a protective order to
25   demonstrate that (1) the material in question is a trade secret or other
     confidential information within the scope of Rule 26(c), and (2) disclosure
26   would cause an identifiable, significant harm." *Foltz v. State Farm Mut.*
     *Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v.*
27   *Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).
            Here, the proposed protective order states that the information will
28   be designated confidential, "…if counsel determines, in good faith, that
     such designation is necessary to protect the interests of the client."  Doc.

1    20-1 at 1.  Such a standard is far too broad under Federal Rule of Civil

2    Procedure 26(c).

          Accordingly,

3         **IT IS ORDERED** that the joint motion for protective order (Doc. 20) is denied, without prejudice.

4    Doc. 24.

5         The parties have filed a second motion for a protective order.  The Court questions

6    whether the parties read the cases cited in this Court's prior order.  Specifically, the

7    parties have now sought to designate everything confidential when "counsel determines,

8    in good faith, that such designation is necessary to protect the interests of the client and

9    the document is (a) a trade secret or other confidential information within the scope of

10   Fed. R. Civ. P. 26(c), (b) information that is confidential regarding the Plaintiffs and may

11   cause embarrassment or annoyance upon disclosure, and/or (c) information that may

12   cause embarrassment regarding a third-party."  Doc. 25-1 at 1-2.

13        As the prior order states, in bold, documents or depositions to be designated

14   confidential must be specifically identified and the harm resulting from their disclosure

15   must be identified.  Instead of attempting to comply with this law, the parties sought to

16   designate confidential anything that might cause embarrassment or annoyance upon

17   disclosure.  While these are words found in Rule 26 as a basis for seeking a protective

18   order, the protective order could include the Court disallowing discovery targeted as such

19   an improper goal.  Those words were not intended to give counsel leave to conduct all

20   discovery in a case subject to a protective order, which appears to be what counsel in this

21   case really wants to accomplish.

22        Because the parties have now tried twice to get this Court to approve an over

23   broad protective order, the Court will deny any advance protective order.  If a particular

24   document (or category of documents) is sought in discovery, and counsel can show good

25   cause for either not disclosing those documents or disclosing them subject to a protective

26   order, counsel may seek a protective order on a document by document basis prior to

27   disclosure.  If the parties seek to protect a topic that may arise in a deposition, they must

28   seek protection in advance of that deposition.  In so moving, counsel must avow that the

information has been maintained confidential by the parties up to this point (i.e. not shared with friends, posted on social media, or otherwise not maintained in confidence).

Based on the foregoing,

**IT IS ORDERED** that the motion for a prospective protective order (Doc. 25) is denied.

Dated this 23rd day of September, 2016.

James A. Teilborg
Senior United States District Judge